## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1531 | **DATE** | 3/27/2012 |
| **CASE TITLE** | Fitts vs. Heartland Human Care Services | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for appointment of counsel is **DENIED** without prejudice. Plaintiff's motion to proceed *in forma pauperis* is continued generally. Plaintiff is instructed to supply the information requested (see below) within 30 days of entry of this order. Failure to supply the requested information will result in dismissal of the suit with prejudice for failure to prosecute.

■[ For further details see text below.]

Notices mailed by Judicial staff.

### STATEMENT

Plaintiff's *in forma pauperis* application [D.t. No. 3] is continued generally.

Part of the determination in an *in forma pauperis* ruling is first determining whether the complaint has any possible merit or is frivolous on its face. *Wartman v. Branch 7, Civil Div., Cnty. Ct., Milwaukee Cnty., State of Wis.,* 510 F.2d 130, 134 (7th Cir. 1975). Plaintiff's complaint alleges he was denied a reasonable accommodation and was fired as a result of the failure to accommodate, but does not state what that accommodation requested was. At this stage, this is sufficient to move it past the frivolousness hurdle, but the Court emphasizes this is a different standard than whether a complaint is sufficient to survive a motion to dismiss.

**Plaintiff is instructed to file a statement clarifying details** as to the $6,474 in unemployment he reported receiving in question 4(f) **of the *in forma pauperis* application**. Plaintiff should indicate the total time period over which this amount was paid. Plaintiff is given 30 days from the entry of this order to provide the supplemental detail ordered, or the complaint will be dismissed for lack of prosecution.

Plaintiff has also applied for appointment of counsel. [D.t. Nos. 5]

A request for appointment for counsel is entirely discretionary, but must always be evaluated on an individual basis grounded in the Court's judgment rather than a standard response or inclination. *Pruitt v. Mote*, 503 F.3d 647, 654-655 (7th Cir. 2007). While there is no mandated formula for considering requests for counsel, three factors are typically taken into consideration: (1) Whether the indigent party has made "reasonable efforts to retain counsel," (2) the difficulty of the case weighted against to the indigent party's competency to litigate the case and (3) if a plaintiff does not appear competent, whether the presence of counsel would conceivably make a difference to the outcome of the case. *Id.* In *pro se* cases, there may be few facts on

**STATEMENT**

which to base competency, but the court is to evaluate it in light of whatever relevant evidence is available. *Id*. at 655. This evaluation may be revisited at the discretion of the court as the case progresses, or new information arrives to inform the Court. *Id.* at 658.

Here, Plaintiff has represented he contacted four organizations seeking counsel, which is a modest number of entities. As to the difficulty of the case, the record is skeletal at this point, but appears to be one count under the Americans with Disabilities Act, which does not seem overly complex. Additionally, Plaintiff has represented he is a college graduate, which indicates he is competent to pursue his own litigation. Therefore, **the motion for appointment of counsel is denied without prejudice**. If the posture of the case changes substantially, plaintiff may file a motion for reconsideration.